THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NICOLE ROBERSON,** | * | **CIVIL ACTION NO.:** |
| Plaintiff, | * | |
| | * | |
| | * | **SECTION:** |
| versus | * | |
| | * | |
| | * | **JUDGE:** |
| **IBERIA COMPREHENSIVE** | * | |
| **COMMUNITY HEALTH CENTER,** | * | |
| **INC.** | * | |
| Defendant. | * | **MAG. JUDGE:** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Nicole Roberson, who respectfully submits this Complaint and avers the following.

## PARTIES

1.

Plaintiff, Nicole Roberson ("Plaintiff," or "Mrs. Roberson"), is a person of the full age of majority, domiciled in the Parish of St. Martin, State of Louisiana.

2.

Defendant, Iberia Comprehensive Community Health Center, Inc. ("ICCH") is Louisiana non-profit corporation with a domiciliary address of 806 Jefferson Terrace, New Iberia, LA 70560.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this proceeding under 28 U.S.C. § 1331, as Plaintiff's claims arise under the federal law.  Venue is proper in the Western District of Louisiana, as a substantial part of the events or omissions giving rise to the claim occurred in this District or otherwise in accordance with 28 U.S.C. § 1391.  This Court has jurisdiction over the Louisiana state law claims asserted herein pursuant to 28 U.S.C. § 1367, as said state law claims form part of the same case or controversy under Article III of the United States Constitution.

## FACTS

4.

Plaintiff's employment with Defendant began on or about July 1, 1997 as a Help Information Manager, and prior to her termination, she was employed as a Deputy Director.

5.

Plaintiff was diagnosed with manic bipolar disorder in 2015.

6.

Since 2015, Plaintiff has been institutionalized approximately three times due to her disorder.

7.

On December 15, 2017, Plaintiff sent a text message to Roderick Campbell, the CEO of ICCH stating, "I want to talk to you about my resignation."

8.

Plaintiff did not, at any point, resign; rather, she indicated that she wanted to talk about a possible resignation.

9.

On December 16, 2017, Plaintiff sent another text message to Mr. Campbell stating she "will be on medical leave effective tomorrow."

10.

Plaintiff's daughter also sent a text message to Mr. Campbell on December 17, 2018, informing him that her mother was experiencing health issues.

11.

In response to the mental problems Plaintiff was experiencing, she was admitted to Vermilion Behavioral Health from December 19, 2017 until December 25, 2017 and was cleared to return to work with no restrictions on January 15, 2018.

12.

During her time at Vermilion Behavioral Health, she was diagnosed with both manic bipolar disorder and schizophrenic psychosis.

13.

While admitted at Vermilion Behavioral Health, Plaintiff received a letter at her home address dated December 19, 2017, interpreting her request for a medical accommodation, which was sent via text message to Mr. Campbell on December 16, 2017, as a resignation.

14.

When Plaintiff was released from Vermilion Behavioral Health and was able to read the December 19, 2017 letter, she sent a letter to Mr. Campbell, dated December 29, 2017, indicating that she did not wish to resign; rather, she had taken medical leave and would return to work on January 16, 2018.

15.

However, Mr. Campbell sent Plaintiff another letter dated January 8, 2018, incorrectly stating she had voluntarily resigned.

16.

A charge was filed with the Equal Opportunity Commission on December 30, 2018, which detailed the facts surrounding this lawsuit and allegations of discrimination and retaliation under the Americans with Disabilities Act ("ADA").

17.

A Right to Sue letter dated November 20, 2018, was received by Plaintiff on November 23, 2018, allowing her to bring this action.

**AMERICANS WITH DISABILITIES ACT**

18.

All foregoing allegations are incorporated herein by reference.

19.

Defendant, ICCH, is a corporation engaged in an industry affecting commerce that employs over 15 full-time employees, and is therefore an "employer" for purposes of the ADA, 42 U.S.C. § 12101, *et seq.*

20.

Mrs. Roberson was an employee for the purposes of the ADA.

21.

Mrs. Roberson has a disability under the ADA based on her manic bipolar disorder and schizophrenic psychosis.

22.

Mrs. Roberson was qualified to perform the essential functions of the job without accommodations, as she worked in her same position for several years at ICCH after being diagnosed with manic bipolar disorder.

23.

Mrs. Roberson suffered an adverse employment action when she was involuntarily terminated from her position at ICCH on December 19, 2017.

24.

Mrs. Roberson is entitled to damages from ICCH under the ADA, including:

(a) back pay, including wages and salary, overtime, and benefits;

(b) reinstatement, or front pay;

(c) liquidated damages;

 (d) pre-judgment interest;

 (e) costs;

 (f) attorney fees.

## LOUISIANA EMPLOYMENT DISCRIMINATION

25.

The Louisiana Employment Discrimination Law also prohibits discrimination based on a disability.

26.

The foregoing allegations are thus incorporated herein by reference.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in favor of Plaintiff against Defendant, as follows:

 (a) Back pay, including wages and salary, overtime, and benefits;

 (b) Reinstatement, or front pay;

 (c) Other compensatory damages including those for emotional and physical injuries;

 (d) Medical expenses past and future;

 (e) Lost wages, past and future;

 (f) Pre-judgment interest;

 (g) Punitive damages;

 (h) Attorney's fees and costs.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

**SANGISETTY LAW FIRM, LLC**

/s/ Ravi K. Sangisetty
RAVI K. SANGISETTY (Bar No. 30709)
WHITNEY WILSON (Bar No. 38447)
935 Gravier Street, Suite 835
New Orleans, La 70112
Telephone:	(504) 662-1016
Facsimile:	(504) 662-1318
rks@sangisettylaw.com

**PLEASE SERVE:**

Service on all defendant will be completed by waiver pursuant to Rule 4(d) of the FRCP.